**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4031**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON RICARDO SETZER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:17-cr-00058-RGD-RJK-1)

Submitted: November 18, 2021                    Decided: April 20, 2022

Before GREGORY, Chief Judge, KING, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Rodolfo Cejas, II, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. Raj Parekh, Acting United States Attorney, Jacqueline R. Bechara, Assistant United States Attorney, Alexandria, Virginia, William D. Muhr, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After pleading guilty to conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, the district court sentenced Brandon Ricardo Setzer to 50 months' imprisonment and a 3-year term of supervised release. Setzer began his term of supervision on July 24, 2020. Less than three months later, Setzer's probation officer filed a Supervised Release Violation Petition ("Petition"), which the probation officer thereafter amended five times, each time alleging several more instances of violative conduct. At the revocation hearing held in January 2021, Setzer admitted all of the alleged violations and asked the court to either (a) continue the proceedings and allow Setzer to remain on supervised release; or (b) impose a short term of imprisonment, but to forego imposition of another term of supervision. Following a thorough hearing, the district court sentenced Setzer to 12 months' imprisonment and imposed an addition 12-month term of supervision. Setzer appeals, challenging his revocation sentence, and we affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). We will affirm a revocation sentence that "is within the prescribed statutory range and is not plainly unreasonable." *United States v. Crudup*, 461 F.3d 433, 440 (4th Cir. 2006). "When reviewing whether a revocation sentence is plainly unreasonable, we must first determine whether it is unreasonable at all." *United States v. Thompson*, 595 F.3d 544, 546 (4th Cir. 2010). A revocation sentence is procedurally reasonable if the district court adequately explains the sentence after considering the Chapter Seven policy statements and the

applicable 18 U.S.C. § 3553(a) factors. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017); *see* 18 U.S.C. § 3583(e).

Setzer maintains that the district court committed reversible procedural error by failing to address defense counsel's request to add a day to the imposed 12-month custodial sentence. We disagree. Specifically, the record reveals that the request was both equivocal and lacking in context or supporting argument. Further, counsel did not make this request until *after* the district court pronounced its sentence. Finally, the district court's earlier colloquy with the lawyers makes clear that it was deeply troubled by Setzer's persistent and consistent violative conduct, which included repeated drug use and lying to his probation officer, and that the court intended to punish the same. On this record, we decline to find reversible procedural error by the district court.

Accordingly, we affirm the revocation order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*